USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/23/2021____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOUGLAS SHEPARD,

                                Plaintiff,

        -against-

C.O. KEVIN KELLY, R.N. COLLEEN BENNETT, and
MICHAEL MULLALLY aka MR. SMITH,

                                Defendants.

No. 19 Civ. 669 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Douglas Shepard ("Plaintiff") brings this action pro se under 42 U.S.C. § 1983

("Section 1983) against Defendants—Officer Kelly, Nurse Bennet, and Michael Mullally—for

alleged violations of his Eighth Amendment rights. (ECF No. 2.) Currently before the Court is

Defendant's unopposed motion to dismiss. (ECF No. 27.) For the following reasons, the Court

grants the motion and dismisses the amended complaint without prejudice.

## BACKGROUND

The facts herein are drawn from Plaintiff's Amended Complaint ("AC") (ECF No. 17) and

are accepted as true for purposes of this motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

*Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016).

On December 29, 2018, Plaintiff was working in custodial maintenance when Michael

Mullally, the custodial maintenance teacher, sprayed chemicals in Plaintiff's face and ordered him

to move a big, heavy shelf by himself. Plaintiff told Mr. Mullally that he had heart problems to

which Mr. Mullally responded that he did not care. Mr. Mullay also threatened that if Plaintiff did

not move the shelf, he was going to ticket Plaintiff for violating a direct order or to have an officer

beat Plaintiff up. Plaintiff moved the shelf.

Plaintiff also alleges that he sought medical treatment on January 19, 2019 because he was having chest pains. He further alleges that has two valves stuck together in his chest and suffers from chest pains every day. Plaintiff alleges that Nurse Bennett refused to treat him even though Plaintiff told her that he was having chest pains. After refusing to examine Plaintiff, Nurse Bennett left the room and returned with Officer Kelley. Officer Kelley grabbed Plaintiff by the arm. Plaintiff told Officer Kelley that he was having chest pains. Then Officer Kelley told him to shut up and punched Plaintiff in the back of his head.

Plaintiff alleges that since Officer Kelley punched him in the back of the head, Plaintiff has been afraid to seek medical treatment and has not received any treatment for the chest pains he suffers every day. He further alleges that he did not file a grievance because he was threatened that if he filed a grievance, the officers would beat him up and kill him.

Plaintiff filed his pro se complaint on January 23, 2019. (ECF No. 2.) The Court granted Plaintiff's request to proceed in forma pauperis. (ECF No. 4.) Plaintiff subsequently moved to amend/correct his Complaint (ECF No. 8), which the Court granted (ECF No. 16), and the Amended Complaint was filed on March 14, 2019 (ECF No. 17). Defendants sought leave to file a motion to dismiss (ECF No. 25), which the Court granted (ECF No. 26). Defendants' unopposed motion is now before the Court. (ECF No. 27.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the Court is "not bound

to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. That said, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

A court must read a pro se complaint liberally, interpreting it "to raise the strongest arguments that [it] suggest[s]." *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010). A motion to dismiss a pro se complaint should only be granted if the complaint raises no plausible right to relief under any set of facts the plaintiff could plausibly prove. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A liberal construction of a pro se plaintiff's complaint and submissions is especially important if alleges civil rights violations. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). A court liberally construing a pro se complaint is not required to re-write it or ignore the lack of an element essential to an entitlement to relief. *Geldzahler v. N.Y. Medical Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009). In other words, a pro se plaintiff's complaint must plausibly set out entitlement to relief with sufficient factual allegations. *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010).

Where a pro se Plaintiff does not oppose a motion to dismiss, automatic dismissal is not appropriate because "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322-323 (2d Cir. 2000); *see Accurate Grading Quality Assur, Inc. v. Thorpe*, No. 12 Civ. 1343 (ALC), 2013 WL 1234836, at *5 (S.D.N.Y. Mar. 26, 2013) ("If a complaint is

sufficient to state a claim on which relief can be granted on its face, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal."). As with all motions to dismiss, in reviewing an unopposed motion, a court is to "assume the truth of a pleading's factual allegations and test only its legal sufficiency." *Id*. at 322.

## DISCUSSION

Liberally construed, Plaintiff alleges that while he was a convicted prisoner, (1) Mr. Mullally, Nurse Bennett, and Officer Kelley were deliberately indifferent to his heart condition; (2) Nurse Bennett denied him adequate care; and (3) Mr. Mullally and Officer Kelly used excessive force against him. In sum and substance, Defendants aver that Plaintiff has failed to state any Eighth Amendment claim because (1) Plaintiff has not stated a claim for deliberate indifference to medical need where he has not alleged a sufficiently serious medical condition or facts to establish the subjective prong as to any Defendant, (2) Plaintiff has not alleged any contextual facts to establish excessive force by Defendant Mullally because a defendant cannot be held liable for verbal threats/abuse, (3) the alleged force used by Officer Kelley was *de minimis*, and even if the force alleged is not *de minimis*, Plaintiff does not allege that Officer Kelley acted with the mindset required to state an excessive for claim. The Court addresses the sufficiency of Plaintiff's claims in turn.

I.       Deliberate Indifference to Medical Needs

The Constitution requires that prison officials "provide humane conditions of confinement" and "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The Eight Amendment protects against cruel and unusual punishment of prison inmates and includes protection against the denial of adequate medical care. *Estelle*, 429 U.S. at 104. Prison officials violate this right when they are deliberately indifferent to

serious medical needs of prisoners. *Id.* The two-pronged "deliberate indifference" standard includes both objective and subjective prongs. *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).

A.  Objective Prong

Plaintiff alleges that Defendants failed to treat or accommodate him in any way when he told Mr. Mullally that he had "heart problems" and complained to Nurse Bennett and Officer Kelley of "chest pains." Defendants contend that the chest pains and heart condition of which Plaintiff complains are not a sufficiently serious medical condition. The Court agrees.

The objective prong requires a "sufficiently serious" deprivation, meaning that the conditions alleged, "either alone or in combination, pose an unreasonable risk of serious damage to [the plaintiff's] health." *Darnell*, 849 F.3d at 30, 32. If the allegedly offending conduct "is a failure to provide any treatment for an inmate's medical condition, courts examine whether the inmate's medical condition is sufficiently serious." *Salahuddin*, 467 F.3d at 280. An objectively serious medical condition exists where "the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 104; *see also Chance*, 143 F.3d at 702 (describing a serious medical condition as "'a condition of urgency' that may result in 'degeneration' or 'extreme pain'" (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994))). Factors to consider in determining whether a condition is "serious" include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks omitted), or "the failure to treat [the] condition could result in further significant injury or the unnecessary and wanton infliction of

pain," *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (quoting *Chance*, 143 F.3d at 702 (2d Cir. 1998)).

While "chest pain" may be a "potentially serious symptom," *Young-Flynn v. Wright*, No. 05 CIV.1488 LAK, 2007 WL 241332, at *19 (S.D.N.Y. Jan. 26, 2007), Plaintiff has not alleged that he actually suffered injury or long-term effects as a result of the alleged neglect. Plaintiff has not specified, for example, that the chest pains that he was experiencing were actually caused by a heart attack in progress or a complication with his alleged heart problems, which, if he had been treated could have had a lessened impact. *See id.* (granting without prejudice motion to dismiss where plaintiff had alleged only "burning in [his] chest" and a failure by one of the defendants to act in response to that symptom, but failed to allege that he actually suffered injury as a result of alleged misconduct). Plaintiff's chest pains alone do not constitute a sufficiently serious medical condition, s*ee, e.g.*, *Hutchinson v. N.Y. Corr. Officers*, No. 02 CIV. 2407 (CBM), 2003 WL 22056997, at *5 (S.D.N.Y. Sept. 4, 2003) (holding that plaintiff who had only alleged chest pains failed to satisfy objective prong); *McCoy v. Goord*, 255 F.Supp.2d at 260 (S.D.N.Y. 2003) (dismissing pro se plaintiff's deliberate indifference claim based on chest pain where plaintiff failed to allege "for what serious medical condition he sought and was denied treatment, [or] what harm, if any, resulted from the delay in treatment"); *Flemming v. Velardi*, No. 02 Civ. 4113(AKH), 2003 WL 21756108, at *2 (S.D.N.Y. July 30, 2003) (finding that mere allegations of "'chest pains' and 'discomfort' in [plaintiff's] chest" were insufficient to trigger an Eighth Amendment claim, although noting that "a severe heart condition can be sufficiently 'serious'" (quoting *Adams v. Franklin*, 111 F.Supp.2d 1255, 1270 (M.D.Ala.2000) (finding medical condition sufficiently serious, where delay in treating plaintiff with heart condition who was suffering chest pains and

6

shortness of breath, resulted in plaintiff spending "two days in intensive care," and could have resulted in death)).

Additionally, to the extent that Plaintiff has alleged that he told Mr. Mullally that he had a heart condition before he moved the shelf, his claim fails because Plaintiff has not alleged that his underlying condition was "serious," that it was likely to be exacerbated by heavy lifting, or that lifting the shelf actually exacerbated his chest pains or heart condition.

B.  Subjective Prong

Even if Plaintiff's allegations were sufficient to meet the objective prong, his deliberate indifference claim would nonetheless fail because he has not alleged that any Defendant acted with the requisite state of mind. To satisfy the subjective prong, a plaintiff must allege that "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the [plaintiff] even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35. Negligence alone does not satisfy this standard. *Daniels v. Williams*, 474 U.S. 327, 332 (1986). Moreover, "[a] delay in treatment based on a bad diagnosis or erroneous calculus of risks and costs, or a mistaken decision not to treat based on an erroneous view that the condition is benign or trivial" constitutes only malpractice, *Harrison*, 219 F.3d at 139, and medical malpractice is insufficient to satisfy the mens rea prong of a deliberate indifference claim, *Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

Plaintiff alleges that he told Mr. Mullally that he has heart problems and told Nurse Bennett and Officer Kelley that he was having chest pains and that none of the Defendants took any steps

to provide him medical care, treatment, or even an examination after knowing that he was experiencing pain or, in Mr. Mullally's case, that he had a medical condition.

With respect to Plaintiff's claim against Mr. Mullally, Plaintiff has not alleged that Mr. Mullally knew the details of his heart condition or that Mr. Mullally knew or should have known that forcing Plaintiff to move the shelf was likely to exacerbate his heart problems.

As to Plaintiff's claims against Nurse Bennett and Officer Kelley, Plaintiff's allegation that the prison had a record of his heart problems is insufficient because "a prison official or medical staff member must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his or her actions or inactions." *Silva v. Kilham*, No. 3:19-CV-1719 (VLB), 2020 WL 2404922, at *3 (D. Conn. May 12, 2020). Because he does not allege that he suffered from a serious condition about which Nurse Bennett or Officer Kelley was aware, Plaintiff at most alleges a mistaken decision not to treat, which is not cognizable.

## II.    Excessive Force

Plaintiff alleges that Mr. Mullally and Officer Kelley used excessive force on him when Mr. Mullally sprayed a chemical in his face and Officer Kelley grabbed his arm and punched him in the back of the head. The Court agrees with Defendants that these allegations do not state a plausible claim.

In the context of excessive force claims, the objective prong focuses on the harm done in light of "contemporary standards of decency," *Estelle,* 429 U.S. at 103, and asks whether the alleged violation is "sufficiently serious" to warrant Eighth Amendment protections, *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999); *Davidson v. Flynn*, 32 F.3d 27, 29-30 (2d Cir. 1994). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are always violated." *Hudson*, 503 U.S. at 9. "[A] *de minimis* use of force

will rarely suffice to state a constitutional claim." *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993). Although not dispositive, "[t]he absence of serious injury is . . . relevant to the Eighth Amendment inquiry." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

The key inquiry of subjective test is "whether force was applied in a good faith effort to maintain or restore discipline," or whether there were ulterior motives driving the use of force. *Hudson*, 503 U.S. at 7. The Eighth Amendment does not prohibit all uses of force that could be avoided or all malevolent touch that may seem unwarranted. *Hudson*, 503 U.S. at 9-10. It proscribes punishment that is deemed torturous and barbarous, *id.* (citing *Estelle*, 429 U.S. at 102), or "repugnant to conscience of mankind". *Id.* (quoting *Whitley*, 475 U.S. at 327).

Plaintiff's allegation that Mr. Mullally sprayed a chemical in his face is inadequate to state an excessive force claim. Without providing any additional information about the chemical sprayed, the context in which it was sprayed, or whether the chemical caused Plaintiff injury, the Court is unable to determine whether Mr. Mullaly's actions caused more than de minimis harm.

Similarly, Plaintiff's allegation that Officer Kelley grabbed his arm and punched him in the back of the head is insufficient because Plaintiff does not allege any injury. *See Wright v. Goord* 554 F.3d 255 (2d Cir. 2009) (finding that grabbing of prisoner did not constitute excessive force); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (holding that inmate's allegations that he was bumped, grabbed, elbowed, and pushed by correction officers was insufficient).

Even if Plaintiff had alleged that either Mr. Mullally or Officer Kelley used more than de minimis force, he fails to allege that either acted with the requisite malicious or sadistic intent. Accordingly, the Court must dismiss the excessive force claims.

III.    Verbal Threats

To the extent that Plaintiff alleges that either Mr. Mullally or Officer Kelley violated his Eighth Amendment rights by making verbal threats, he has not stated a cognizable claim. Verbally abusive conduct, without more, does not constitute a constitutional violation. *See Ramos v. Artuz,* No. 00 CIV. 0149 (LTS), 2003 WL 342347 at *11 (S.D.N.Y. Feb. 14, 2003) ("[T]o the extent plaintiff alleges that [the prison doctor] verbally abused him or harassed him ... these allegations fail to state a claim on which relief can be granted.") (citing cases); *Johnson v. Bendheim*, No. 00 Civ. 720(JSR), 2001 WL 799569, at *6 (July 13, 2001) ("Verbal harassment, without any accompanying injury, does not constitute a violation of any federally protected right and is not actionable under 42 U.S.C. § 1983." (citing *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986)).

IV.    Claims Against "Other Officers"

To the extent that Plaintiff alleges "other officers" threatened to beat him up and kill him when he requested to file a grievance, these officers have not been named or described with any specificity, therefore any allegation that threats by other officers violated Plaintiff's rights is insufficient to state a claim.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. Plaintiff's claims are dismissed without prejudice and Plaintiff is granted leave to file a Second Amended Complaint on or before May 31, 2021. If no amended pleading is filed by May 31, 2021 and Plaintiff fails to move for an extension to that deadline, the claims dismissed herein without prejudice may be dismissed with prejudice and the action terminated without further notice.  If Plaintiff elects to file a Second Amended Complaint, then Defendants shall have until 30 days from the date of Plaintiff's

filing to answer the Second Amended Complaint or seek leave to file a non-frivolous and non-repetitive motion to dismiss. An amended complaint form is attached to this opinion.

The Clerk of Court is directed to terminate the motion at ECF No. 27, to mail a copy of this opinion to pro se Plaintiff on the address on ECF, and show service on the docket.

Dated: April 23, 2021
       White Plains, NY

SO ORDERED:

HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____        \_\_\_\_\_CV_____

Write the full name of each plaintiff.        (Include case number if one has been
                                              assigned)


                    -against-                 **COMPLAINT**
                                              (Prisoner)

_____        Do you want a jury trial?
                                                 ☐ Yes     ☐ No
_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                    Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                    Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name              Last Name                      Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                      State                Zip Code

Defendant 2:

First Name              Last Name                      Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                      State                Zip Code

Defendant 3:

First Name              Last Name                      Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                      State                Zip Code

Defendant 4:

First Name              Last Name                      Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                      State                Zip Code

Page 3

## V.  STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____                    _____
Dated                                                                     Plaintiff's Signature

_____
First Name                         Middle Initial               Last Name

_____
Prison Address

_____
County, City                                      State                      Zip Code

Date on which I am delivering this complaint to prison authorities for mailing:   _____